IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GARRY JAMES, REBECCA JAMES, and CHARLES DETTLING, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:20-CV-180 |
| MEI-MGT, INC., | ) ) | |
| Defendant. | ) ) | JURY DEMAND |

## COMPLAINT

Plaintiffs, Garry James ("Garry"), Rebecca James ("Rebecca"), and Charles Dettling ("Dettling") (collectively Garry, Rebecca, and Dettling are referred to as "Plaintiffs"), by counsel, and for their Complaint against the Defendant, MEI-MGT, Inc. ("Defendant"), allege and state as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Title 28, United States Code, § 1332 because the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is proper in this Court pursuant to Title 28, United States Code § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the damages occurred in this district.

## PARTIES

3.  Plaintiff Garry is an adult resident of Hernando County, Florida. At all relevant times, Garry was and is a shareholder in Defendant.

4.  Plaintiff Rebecca is an adult resident of Hernando County, Florida. At all relevant times, Rebecca was and is a shareholder in Defendant.

5.  Plaintiff Dettling is an adult resident of Escambia County, Alabama. At all relevant times, Dettling was and is a shareholder of Defendant.

6.  Based upon information and belief, Defendant is an Indiana corporation duly organized and existing under the laws of the State of Indiana, with its principal place of business located in the Town of Whiteland, Indiana. Defendant was formerly known as Marlin Gas Transport, Inc.

## FACTUAL ALLEGATIONS

7.  Defendant was incorporated in 1997 to engage in the business of transporting compressed natural gas.

8.  Plaintiffs became, and at all relevant times herein have remained, minority shareholders of Defendant. Specifically, Garry owns 302,410 shares (representing 7.56% ownership of Defendant), Rebecca owns 354,839 shares (representing 8.87% ownership of Defendant), and Dettling owns 3,750 shares (representing 0.09% ownership of Defendant). Collectively, Plaintiffs own approximately 17% of Defendant.

9.  Plaintiffs are currently litigating and have been since 2015, a derivative suit in Pasco County, Florida against Defendant's President, Neil Enerson ("Enerson") for *inter alia*, Enerson's mismanagement and waste of Defendant's assets (the "Florida Litigation").

10. On December 19, 2018, Defendant executed a certain asset purchase agreement whereby it sold its assets to Marlin Gas Services, LLC ("Purchaser") (the "Asset Purchase Agreement"). A true and accurate copy of the Asset Purchase Agreement is attached hereto as Exhibit A.

11. Per the Asset Purchase Agreement, the purchase price was approximately $12,000,000, of which $10,800.00 was to be paid in cash at closing, with the remainder to be paid out in full by December 19, 2019.

12. Additionally, the Asset Purchase Agreement required the Purchaser to hold back $1,200,000 ("Holdback") of the purchase price for one (1) year in order to satisfy any liens on the purchased assets.

13. Further, pursuant to the Asset Purchase Agreement, the Purchaser would release the remainder of the Holdback to Defendant by December 19, 2019.

14. At or around the time the Asset Purchase Agreement was executed in December 2018, Defendant represented to all shareholders, including Plaintiffs, that it was planning to begin the dissolution and winding up process. The shareholders, including Plaintiffs, were informed that once Defendant received the remainder of the purchase price in December 2019 from the Purchaser, Defendant would make pro rata distributions to all shareholders, including Plaintiffs, pursuant to their respective stock ownership percentages in Defendant. Such pro rata distributions were to occur by December 19, 2019.

15. Again, in July 2019, Defendant communicated to the shareholders, including Plaintiffs, and represented that distributions were still planned to be made by December 2019.

16. Through these communications, Defendant additionally asked Plaintiffs to sign consent forms indicating where Defendant should send Plaintiffs' distributions, which implied that distributions were on track to be made by the end of the year.

17. Based on these representations, in August 2019, Plaintiffs' Alabama counsel sent Defendant an email with attached consent forms requesting that Plaintiffs' distributions to be made in December 2019, be sent to Plaintiffs' Alabama counsel directly.

18. On November 25, 2019, Defendant sent shareholders a letter regarding the status of wind up and distributions. In this letter, Enerson informed shareholders that the winding up process was in the final stages, and distributions would be made by December 19, 2019.

19. Prior to the distributions, shareholders were asked to submit to Defendant their original stock certificates for redemption. *See* Exhibit B, November 25, 2019 Update to MEI-MGT, Inc. Shareholders. Upon submitting their certificates of stock, Plaintiffs were led to believe they would be receiving their pro rata distributions.

20. As requested, Plaintiffs sent Defendant their stock certificates in order to receive their pro rata distributions as represented.

21. However, by December 19, 2019, Plaintiffs still had not received any money for their shares, and to date, still have not received any of their money.

22. When questioned about this, Defendant initially explained that the Purchaser had paid out the entire purchase price, but Plaintiffs' shareholder distributions were still being withheld allegedly for future wind up costs, lasting for another year, despite Enerson having previously informed shareholders that the wind-up process was nearly complete.

23. Subsequently, when questioned again, Defendant claimed that the alleged basis for withholding Plaintiffs' shareholder distributions was so that Defendant and/or Enerson could pay

their attorneys' fees from Plaintiffs' shareholder distributions if Enerson was ultimately successful in the Florida Litigation.

24. Based on Defendant's representations regarding shareholder distributions, Plaintiffs collectively should have received over $2,000,000 on or by December 19, 2019.

25. Additionally, after the receipt of the rest of the Holdback, Defendant did make distributions to other shareholders, but it chose to specifically withhold Plaintiffs' monies and continues to do so without providing a legitimate basis or justification.

26. There is absolutely no such basis or justification for this discriminatory and arbitrary withholding.

27. On January 9, 2020, Plaintiffs' counsel sent Defendant a demand letter requesting that Plaintiffs' monies be released to Plaintiffs' counsel consistent with the terms of the Asset Purchase Agreement and further consistent with the representations previously made by Defendant.

28. Such release was to occur within five (5) days of the date of the letter. To date, however, Defendant has not distributed any of the funds rightfully owed to Plaintiffs.

## CAUSES OF ACTION

### COUNT I: CONVERSION

Plaintiffs, by counsel, for Count I of their Complaint against the Defendant, allege and state:

29. Plaintiffs reallege and reassert the preceding paragraphs as if fully set forth herein.

30. Pursuant to Ind. Code § 35-43-4-3, a person who "knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion." The same

elements are required in cases of civil conversion, though the burden of proof is only by a preponderance of the evidence.

31. Pursuant to Ind. Code §34-24-3-1, a person in a civil action that "suffers a pecuniary loss as a result of a violation of IC 35-43…may bring a civil action against the person who caused the loss" for, among other things, "an amount not to exceed three (3) times…the actual damages," "the costs of the action," and "a reasonable attorney's fee."

32. Plaintiffs are entitled to their distributions for the redemption of their shares pursuant to the Asset Purchase Agreement.

33. To date, Defendant has failed to make such distributions to the Plaintiffs.

34. In so doing, Defendant has wrongfully retained possession and/or control of Plaintiffs' monies and converted the same for its own use.

35. Plaintiffs did not authorize Defendant to withhold their distributions.

36. Plaintiffs demanded the distribution of their money, but to date, Defendant has continually failed to disburse the funds.

37. Thus, even if the Defendant did not have the requisite knowledge or intent when it first withheld Plaintiffs' monies, it surely learned of such knowledge when Plaintiffs sent their January 9, 2020 demand letter.

38. As a result of Defendant's wrongful actions, Plaintiffs have suffered substantial damages, including but not limited to consequential damages, treble damages, and attorney's fees, as a result of the conversion.

WHEREFORE, the Plaintiffs, Garry James, Rebecca James and Charles Dettling, by counsel, pray for judgment on Count I of their Complaint against the Defendant, MEI-MGT, Inc.,

for actual damages, consequential damages, interest, attorney fees, and costs of court, and such other equitable relief as may be deemed appropriate.

## COUNT II: BREACH OF CONTRACT

Plaintiffs, by counsel, for Count II of their Complaint against the Defendant, allege and state:

39. Plaintiffs reallege and reassert the preceding paragraphs as if fully set forth herein.

40. The parties entered into an agreement whereby Plaintiffs would send Defendant their certificates of stock, and in turn, Defendant would pay Plaintiffs their pro rata distributions consistent with the terms of the Asset Purchase Agreement.

41. Plaintiffs performed their part of the contract and submitted their stock certificates as requested.

42. By having performed its obligations, Plaintiffs are entitled to their pro rata distributions.

43. However, to date, Defendant has failed and refused to perform its part of the contract by failing to distribute the monies it is withholding from the Asset Purchase Agreement, such that Defendant is liable to Plaintiffs for such amount.

44. As a result, Plaintiffs have suffered damages, and continue to suffer damages, and the parties reasonably anticipated those damages when they entered into the contract.

WHEREFORE, the Plaintiffs, Garry James, Rebecca James and Charles Dettling, by counsel, pray for judgment on Count II of their Complaint against the Defendant, MEI-MGT, Inc., for actual damages, consequential damages, interest, attorney fees, and costs of court, and such other equitable relief as may be deemed appropriate.

## COUNT III: ACTUAL FRAUD

Plaintiffs, by counsel, for Count III of their Complaint against the Defendant, allege and state:

45. Plaintiffs reallege and reassert the preceding paragraphs as if fully set forth herein.

46. In its communications to Plaintiffs – beginning when the Asset Purchase Agreement was entered into in December of 2018, in July of 2019, and in November of 2019 – Defendant intentionally and materially made misleading representations regarding the submission of Plaintiffs' certificates of stock in exchange for payment by Defendant of the Plaintiffs' pro rata shareholder distributions consistent with the terms of the Asset Purchase Agreement.

47. Defendant knew the above representations were false when it made them, or it made them with reckless disregard for their truth or falsity.

48. Plaintiffs relied on Defendant's representations to their detriment, suffering substantial pecuniary loss.

WHEREFORE, the Plaintiffs, Garry James, Rebecca James and Charles Dettling, by counsel, pray for judgment on Count III of their Complaint against the Defendant, MEI-MGT, Inc., for actual damages, consequential damages, interest, attorney fees, and costs of court, and such other equitable relief as may be deemed appropriate.

## COUNT IV: CONSTRUCTIVE FRAUD

Plaintiffs, by counsel, for Count IV of their Complaint against the Defendant, allege and state:

49. Plaintiffs reallege and reassert the preceding paragraphs as if fully set forth herein.

50. As shareholders of Defendant, Defendant owed a fiduciary duty to Plaintiffs.

51. By making deceptive material misrepresentations to Plaintiffs regarding the submission of Plaintiffs' certificates of stock in exchange for payment by Defendant of the Plaintiffs' pro rata shareholder distributions consistent with the terms of the Asset Purchase Agreement, Defendant violated the duty it owed Plaintiffs.

52. Plaintiffs relied on Defendant's representations to their detriment, the proximate cause of which resulted in substantial pecuniary loss to Plaintiffs.

53. As a result of Defendant's representations, Defendant has gained a financial advantage at the Plaintiffs' expense.

WHEREFORE, the Plaintiffs, Garry James, Rebecca James and Charles Dettling, by counsel, pray for judgment on Count IV of their Complaint against the Defendant, MEI-MGT, Inc., for actual damages, consequential damages, interest, attorney fees, and costs of court, and such other equitable relief as may be deemed appropriate.

## COUNT V: FRAUD IN THE INDUCEMENT

Plaintiffs, by counsel, for Count V of their Complaint against the Defendant, allege and state:

54. Plaintiffs reallege and reassert the preceding paragraphs as if fully set forth herein.

55. In its communications to Plaintiffs – beginning when the Asset Purchase Agreement was entered into in December of 2018, in July of 2019, and in November of 2019 – Defendant made express and/or implied representations regarding the submission of Plaintiffs' certificates of stock in exchange for payment by Defendant of the Plaintiffs' pro rata shareholder distributions consistent with the terms of the Asset Purchase Agreement.

56. Defendant knew the above representations were false when it made them, or it made them with reckless disregard for their truth or falsity.

57. By making such representations, Defendant induced Plaintiffs to submit their certificates of stock.

58. Plaintiffs, relying upon Defendant's representations to their detriment, submitted their certificates of stock with the expectation that it would receive payment by Defendant of the Plaintiffs' pro rata shareholder distributions.

59. By doing so, Plaintiffs suffered substantial pecuniary loss for which Defendant is liable.

WHEREFORE, the Plaintiffs, Garry James, Rebecca James and Charles Dettling, by counsel, pray for judgment on Count V of their Complaint against the Defendant, MEI-MGT, Inc., for actual damages, consequential damages, interest, attorney fees, and costs of court, and such other equitable relief as may be deemed appropriate.

### COUNT VI: FRAUDULENT MISREPRESENTATION

Plaintiffs, by counsel, for Count VI of their Complaint against the Defendant, allege and state:

60. Plaintiffs reallege and reassert the preceding paragraphs as if fully set forth herein.

61. As set forth above, Defendant made express and implied misrepresentations to Plaintiffs about their pro rata distributions, namely that Defendant would make such distributions on or before December 19, 2019 if Plaintiffs submitted their stock certificates.

62. Defendant made these misrepresentations of material fact willfully to deceive or recklessly without knowledge in order to induce Plaintiffs to submit their stock certificates to Defendant.

63. Plaintiffs, relying on Defendant' representations, submitted their stock certificates to Defendant yet were not paid as represented on December 19, 2019 and to date, still have yet to be paid.

64. As a result of Defendant's misrepresentations, Plaintiffs have suffered substantial damages.

WHEREFORE, the Plaintiffs, Garry James, Rebecca James and Charles Dettling, by counsel, pray for judgment on Count VI of their Complaint against the Defendant, MEI-MGT, Inc., for actual damages, consequential damages, interest, attorney fees, and costs of court, and such other equitable relief as may be deemed appropriate.

## **COUNT VII: UNJUST ENRICHMENT**

Plaintiffs, by counsel, for Count VII of their Complaint against the Defendant, allege and state:

65. Plaintiffs reallege and reassert the preceding paragraphs as if fully set forth herein.

66. To date, Plaintiffs have satisfactorily performed their obligations in a reasonable and timely manner by submitting their certificates of stock in anticipation of receiving their pro rata distributions.

67. Having performed such obligations, Plaintiffs provided a measurable benefit to Defendant.

68. By failing to pay pro rata distributions to Plaintiffs, Defendant has improperly retained such monies with the full knowledge that Plaintiffs had a reasonable expectation of payment.

69. By appropriating the pro rata distributions, Defendant has breached its duties and obligations to the Plaintiffs and has benefited – and continues to benefit – directly or indirectly from its use and/or possession of the Plaintiffs' monies and continued possession of the same.

70. By its wrongful acts and omissions, Defendant has been unjustly enriched at the Plaintiffs' expense.

71. The circumstances of Defendant's unjust enrichment are such that it should, in good conscience, make restitution to the Plaintiffs, which includes, without limitation disgorging all monies owed to Plaintiffs retained by Defendant through its wrongful conduct.

WHEREFORE, the Plaintiffs, Garry James, Rebecca James and Charles Dettling, by counsel, pray for judgment on Count VII of their Complaint against the Defendant, MEI-MGT, Inc., for restitution and disgorgement of all of Plaintiffs' monies unjustly detained by Defendant, and such other equitable relief as may be deemed appropriate..

## COUNT VIII: ACCOUNTING

Plaintiffs, by counsel, for Count VIII of their Complaint against the Defendant, allege and state:

72. Plaintiffs reallege and reassert the preceding paragraphs as if fully set forth herein.

73. As a result of the unlawful and improper acts and/or omissions discussed above, Defendant has detained Plaintiffs' money claiming it is allegedly being used for winding up the corporation to ensure potential claims can be met and/or to pay Defendant and/or Enerson's attorneys' fees if Enerson is ultimately successful in the Florida Litigation.

74. The amount and extent of any alleged wind-up costs and/or potential claims is unknown to Plaintiffs and cannot be ascertained without an accounting of MEI-MGT, Inc.'s financial records.

WHEREFORE, the Plaintiffs, Garry James, Rebecca James and Charles Dettling, by counsel, pray for judgment on Count VIII of their Complaint against the Defendant, MEI-MGT, Inc., for an accounting from Defendant of its accounts and such other equitable relief as may be deemed appropriate.

## COUNT IX:  REQUEST FOR PRELIMINARY INJUNCTION

Plaintiffs, by counsel, for Count IX of their Complaint against the Defendant, allege and state:

76. Plaintiffs reallege and reassert the preceding paragraphs as if fully set forth herein.

77. Based upon the Asset Purchase Agreement and the representations of Defendant, Defendant is withholding Plaintiffs' shareholder distributions.

78. Defendant has no legitimate basis for withholding Plaintiffs' shareholder distributions.

79. Accordingly, Plaintiffs request that the Court enter a preliminary injunction ordering Defendant to release Plaintiffs' shareholder distributions immediately to Plaintiffs' Alabama counsel as previously instructed.

80. Alternatively, Plaintiffs request that the Court enter a preliminary injunction ordering Defendant to refrain from disbursing any of Plaintiffs' shareholder distributions being withheld to any individual or entity except Plaintiffs' Alabama counsel until this case is decided on the merits.

81. A preliminary injunction is warranted because Plaintiffs have a reasonable likelihood of success on the merits of their claims set forth above.

82. Plaintiffs lack an adequate remedy at law.

83. Plaintiffs will suffer future irreparable harm if a preliminary injunction is not granted.

WHEREFORE, the Plaintiffs, Garry James, Rebecca James and Charles Dettling, by counsel, request that a preliminary injunction be entered against the Defendant, MEI-MGT, Inc., ordering Defendant to release Plaintiffs' shareholder distributions immediately to Plaintiffs' Alabama counsel as previously instructed or alternatively, ordering Defendant to refrain from disbursing any of Plaintiffs' shareholder distributions being withheld to any individual or entity except Plaintiffs' Alabama counsel until this case is decided on the merits.  Plaintiffs additionally request such other equitable relief as may be deemed appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right to a jury.

Respectfully submitted,

**DREWRY SIMMONS VORNEHM, LLP**

s/ Christopher S. Drewry
Christopher S. Drewry (#27089-49)

*Attorney for Plaintiffs, Garry James, Rebecca James, and Charles Dettling*

Christopher S. Drewry
**DREWRY SIMMONS VORNEHM, LLP**
736 Hanover Place, Suite 200
Carmel, IN 46032
Telephone: (317) 580-4848
Telefax:    (317) 580-4855
cdrewry@DSVlaw.com